Alva J. Spatchill, Respondent, v. Park Circle Roller Rink, Inc., Appellant.
— Action to recover damages for personal injuries sustained by the plaintiff when
he was skating in defendant's roller skating rink. The negligence charged is
that the defendant did not properly supervise the actions of skaters in the rink.
Judgment entered on the verdict of a jury in favor of plaintiff affirmed, with costs.
No opinion. Hagarty, Carswell, Adel and Close, JJ., concur; Lazansky, P. J.,
dissents and votes to reverse the judgment and to grant a new trial on the ground
that the verdict is against the weight of the evidence.

Anne Valentine, Respondent, v. Harold L. Valentine and Grace A.
Killeen, Also Known as Grace Valentine, Appellants.— In an action for a
judgment declaring that the plaintiff is the lawful wife of defendant Harold L.
Valentine, and for other relief, judgment, and order denying defendants' motion
to amend or resettle the judgment so as to include a provision stating that it is
effective only in the State of New York, unanimously affirmed, with costs. No
opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

Sarah Weisenfeld and Nathan Weisenfeld, Respondents, v. Sadie E.
Blumberg, Defendant, and Joseph N. Blumberg, Appellant.— In an action by
the plaintiff-wife to recover damages for injuries claimed to have been sustained
when she fell on some grease on the public sidewalk at the entrance to the appel-
lant's garage, and by her husband for loss of services and medical expenses, judg-
ment in favor of plaintiffs unanimously affirmed, with costs. No opinion. Present
— Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

Marie Windisch, Appellant, v. The City of New York, Respondent.— In an
action to recover damages for personal injuries, plaintiff appeals from a judgment
dismissing her complaint at the close of her case, on a trial before the court and a
jury. Judgment reversed on the law and a new trial granted, with costs to appel-
lant to abide the event. On the evidence adduced by plaintiff, this case falls into
the category of sidewalk cases, and the questions of defendant's negligence and
plaintiff's contributory negligence are for the jury. (*Mullins* v. *Siegel-Cooper Co.*,
183 N. Y. 129, 137; *West* v. *City of New York*, 265 id. 139, 144, 145.) It was error
to dismiss the complaint. Lazansky, P. J., Carswell, Taylor and Close, JJ., con-
cur; Johnston, J., dissents and votes to affirm the judgment on the ground that
plaintiff failed to establish any actionable negligence on the part of the defendant.

## (June 22, 1942.)

Harry Chait, Respondent, v. The Equitable Life Assurance Society of
the United States, Appellant.— Motion for leave to appeal to the Appellate
Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty,
Carswell, Johnston and Adel, JJ.